Beth E. Terrell, WSBA #26759
Jennifer Rust Murray, WSBA #36983
Attorneys for Plaintiff and Proposed Classes
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

[Additional Counsel Appear On Signature Page]

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAIMEY GARRETT, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | |
| THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP, | CLASS ACTION |
| Defendant. | **JURY TRIAL DEMAND** |

Plaintiff Jaimey Garrett ("Plaintiff") through her undersigned counsel,

individually and on behalf of all others similarly situated, files this Collective and

Class Action Complaint against Defendant The CJS Solutions Group, LLC d/b/a

The HCI Group ("Defendant" or "HCI"), seeking all available relief under the

Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and state

law.  Plaintiff alleges that she and other similarly situated information technology consultants were improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek.  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.  JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over the Washington state law claims pursuant 28 U.S.C. § 1367(a) because these claims are so related to the federal claims that they form part of the same case and controversy.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a substantial part of the events giving rise to Plaintiff's claims occurred within this District, and HCI conducts business in this judicial District.

## II.  PARTIES

3.      Plaintiff Jaimey Garrett ("Plaintiff") is an individual residing in Sacramento, California.  Plaintiff worked for Defendant as a Consultant providing information technology support to HCI's clients in Washington, New York, Maryland and Rhode Island between approximately May 2014 and November

2015. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to participate in this action. *See* <u>Exhibit A</u>.

4.     Defendant The CJS Solutions Group, LLC d/b/a The HCI Group ("Defendant" or "HCI") is a corporation providing information technology and educational services for the healthcare industry across the country. HCI maintains its corporate headquarters in Jacksonville, Florida.

5.     HCI is a leading healthcare information technology firm with a network of hundreds of healthcare IT consultants. HCI describes itself as "The Global Leader in Healthcare IT Consulting." https://www.thehcigroup.com/ (last visited 01/31/17).

6.     HCI employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.     HCI's annual volume of sales made or business done exceeds $500,000.

### III.  COLLECTIVE AND CLASS DEFINITIONS

8.     Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential FLSA opt-in litigants:

All individuals who were classified as independent contractors while performing consulting work for The CJS Solutions Group, LLC d/b/a The HCI Group ("Defendant" or "HCI") in the United States from March 29, 2014 to the present.

9.     Plaintiff brings Counts II, III, IV, V and VI of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

All individuals who were classified as independent contractors while performing consulting work for The CJS Solutions Group, LLC d/b/a The HCI Group ("Defendant" or "HCI") in the state of Washington from March 29, 2011 to the present.

10.     The FLSA Collective and the Washington Class are together referred to as the "Classes."

11.     Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

### IV.  FACTS

12.     HCI is a healthcare information technology firm that provides healthcare systems implementation support services, such as training and information technology support.  HCI employs Consultants, such as Plaintiff, who perform such information technology support in the healthcare industry within this judicial district and throughout the United States.

13.     HCI's financial results are highly driven by the number of consultants providing information technology support services for HCI's customers and the fees that HCI charges the customers for these services.

14.     From approximately May 2014 through November 2015, Plaintiff was employed as a Consultant by HCI in Washington, New York, Maryland and Rhode Island.

15.     HCI improperly, wrongfully and illegally classified Plaintiff and Class Members as independent contractors, when the economic reality of their position is that of an employee, and HCI retains the right of control, and, in fact, actually does control the work.

16.     Plaintiff and Class Members routinely worked in excess of 40 hours per workweek, but as a result of this misclassification, HCI did not pay them any overtime compensation as required by the FLSA.

17.     For instance, while working for HCI in Washington, between approximately May 2014 and December 2014, Plaintiff worked, on average, 50 hours a week.

18.     The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1provides "guidance regarding the application of the standards for determining who is an employee under the Fair Labor Standards Act [FLSA] ... to the regulated community in classifying

workers and ultimately in curtailing misclassification.." U.S. Dep't of Labor, Wage & Hour Div., Admin.'s Interpretation No. 2015-1, 1 (July 15, 2015). According to the WHD, "most workers are employees under the FLSA's broad definitions." *Id.* Plaintiff and Class Members qualify as employees under the FLSA's test, as further described below.

19.    Work performed by Plaintiff and Class Members is an integral part of HCI's business.  HCI is in the business of providing computer systems programs and information technology services to the healthcare industry. Plaintiff and Class Members provide information technology support and training to HCI's clients.

20.    Plaintiff's and Class Members' duties do not involve managerial work.  They follow the training provided to them by HCI in performing their work, which is basic information technology support.

21.    Plaintiff and Class Members do not make any significant relative investments in relation to their work with HCI.  HCI provides the training and equipment required to perform the functions of their work.

22.    Plaintiff and the Class Members have little or no opportunity to experience a profit or loss related to their employment.  HCI pays Plaintiff and the Class Members a fixed hourly rate.  Plaintiff and the Class Members do not

share in HCI's monetary success; their income from their work was limited to their hourly rate.

23.     Plaintiff's and Class Members' work does not require special skills, judgment or initiative.  HCI provides training to Plaintiff and Class Members, which they use to provide support to HCI's clients.

24.     Plaintiff and Class Members are economically dependent on HCI. Plaintiff and Collective Action Members are entirely dependent upon HCI for their business, as they are not permitted to perform services for any other company during their time working for HCI.

25.     Plaintiff and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

26.     Plaintiff and Class Members work for one HCI client continuously at a time.  For example, plaintiff spent several months working for one of HCI's clients in Washington.

27.     Plaintiff and Class Members typically enter into successive projects for HCI.  For example, plaintiff worked on four successive projects for HCI.

28.     Plaintiff and Class Members have little or no authority to refuse or negotiate HCI's rules and policies; they must comply or risk discipline and/or termination.

1     29.    HCI instructs Plaintiff and Collective Action Members concerning

2  how to do their work and HCI dictates the details of the performance of their jobs.

3  For example:

4          a.    HCI, not Plaintiff or Class Members, conducts all of the

5  billing and invoicing to HCI's clients for the work.  HCI bills the third-party

6  customers directly;

7          b.    Plaintiff and Class Members have no control over what prices

8  to charge, or the scheduling of shifts.  All negotiations over the cost of the work

9  are done directly between HCI and the third-party client;

10         c.    HCI requires Plaintiff and Class Members to work the entire

11  project from inception to conclusion;

12         d.    HCI provides all training needed for Plaintiff and Class

13  Members to perform their work; and

14         e.    HCI requires Plaintiff and Class Members to perform in

15  accordance with HCI's policies, manuals, standard operating procedures and the

16  third-party client's requirements.

17     30.    Plaintiff and Class Members often work approximately ten (10)

18  hours per day, five (5) days per week.

19     31.    Although Plaintiff and Class Members frequently are required,

20  permitted or encouraged to work more than forty (40) hours per week, they do not

1  receive one and one-half (1 ½) times their regular rate for hours worked in excess

2  of forty (40) hours per week, as required by the FLSA and the Washington

3  Minimum Wage Act.

4       32.    Instead, Plaintiff and Class Members are paid a straight hourly rate

5  for hours that they work, regardless of whether they work more than forty hours

6  in a week.

7       33.    Plaintiff and Class Members have to request HCI's approval for time

8  off.  HCI has the discretion to grant or deny such requests.

9       34.    Although HCI was required under Washington law to allow Plaintiff

10 and the Washington Class Members certain paid rest and meal periods during

11 their shifts (or pay them for each rest and meal break missed), HCI regularly and

12 systematically failed to do so.  Rather, Plaintiff and Class Members were not

13 provided with paid rest breaks; instead they were paid for only the hours they

14 work.  Plaintiff and Class Members also did not receive regular meal breaks, and

15 instead had to work continuously throughout the day.

16      35.    Plaintiff and Class Members are employed as information

17 technology support workers for software applications and programs provided by

18 HCI.  Plaintiff and Class Members are not working as computer systems analysts,

19 computer programmers, or software engineers as defined in 29 C.F.R. §

20 541.400(a).

1    36.    Plaintiff's and Class Members' duties consist of providing software

2    support to HCI's healthcare clients and aiding healthcare staff with the new

3    software.  Plaintiff's and Class Members' duties did not include the "application

4    of systems analysis techniques and procedures" pursuant to 29 C.F.R. §

5    541.400(b)(1).  Plaintiff and Class Members did not analyze, consult or determine

6    hardware, software programs or any system functional specifications for HCI's

7    clients.  *See id.*

8    37.    Plaintiff and Class Members did not design, develop, document,

9    analyze, create, test or modify a computer system or program as defined in 29

10   C.F.R. § 541.400(b)(2).

11   38.    While Plaintiff's and Class Members' "work was highly dependent

12   upon, or facilitated by, the use of computers and computer software programs;"

13   they were not "primarily engaged in computer systems analysis and

14   programming."  U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E:

15   Exemption for Employees in Computer-Related Occupations under the Fair Labor

16   Standards Act (FLSA).  Plaintiff and Class Members provided software support

17   to HCI's clients.

18   39.    Plaintiff and Class Members were not paid a minimum guaranteed

19   salary.

20

40.     Plaintiff and Class Members were paid solely on an hourly basis and were paid only for the time they actually worked.

41.     HCI has shifted certain capital costs to Plaintiff and the Class Members while retaining behavioral and financial control over them in the same way it would over any of its employees.

42.     HCI failed to keep records of all hours that Consultants worked, including records of the hours they worked in excess of forty hours per week and records of missed rest and meal breaks.

43.     HCI has intentionally misclassified Plaintiff and the Class Members to avoid HCI's obligations under the FLSA and Washington law.  HCI saves thousands of dollars in avoiding expenses associated with its core business by not providing Plaintiff and the Class Members with overtime pay, health, pension, rest breaks, meal breaks or other benefits ordinary employees are entitled to and enjoy.

## V.  COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

44.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the class defined above.

45.     Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

46.     Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to HCI's previously described common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, HCI's common misclassification, compensation and payroll practices.

47.     Specifically, HCI misclassified Plaintiff and the Collective Action Members as independent contractors and paid them a set hourly rate.

48.     The similarly situated employees are known to HCI, are readily identifiable, and can easily be located through HCI's business and human resources records.

49.     HCI employs many Collective Action Members throughout the United States.  These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

# VI. CLASS ACTION ALLEGATIONS

50.     Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Washington Class, as defined above.

51.     The members of the Washington Class are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than forty (40) members of the Washington Class.

52.     Plaintiff will fairly and adequately represent and protect the interests of the Washington Class because there is no conflict between the claims of Plaintiff and those of the Washington Class, and Plaintiff's claims are typical of the claims of the Washington Class.  Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

53.     There are questions of law and fact common to the proposed Washington Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendant has violated and continues to violate Washington law through its policy or practice of misclassifying Consultants as independent contractors, and thereby failing to pay them overtime compensation; whether Defendant has violated and continues to violate Washington law through its policy or practice of failing to provide rest

1  and meal breaks; and whether Defendant has failed to keep records of all hours

2  Consultants worked.

3      54.    Plaintiff's claims are typical of the claims of the Washington Class

4  in the following ways: 1) Plaintiff is a member of the Washington Class; 2)

5  Plaintiff's claims arise out of the same policies, practices and course of conduct

6  that form the basis of the claims of the Washington Class; 3) Plaintiff's claims are

7  based on the same legal and remedial theories as those of the Washington Class

8  and involve similar factual circumstances; 4) there are no conflicts between the

9  interests of Plaintiff and the Washington Class members; and 5) the injuries

10 suffered by Plaintiff are similar to the injuries suffered by the Washington Class

11 members.

12     55.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3)

13 because questions of law and fact common to the Washington Class predominate

14 over any questions affecting only individual Class members.

15     56.    Class action treatment is superior to the alternatives for the fair and

16 efficient adjudication of the controversy alleged herein.  Such treatment will

17 permit a large number of similarly situated persons to prosecute their common

18 claims in a single forum simultaneously, efficiently, and without the duplication

19 of effort and expense that numerous individual actions would entail.  No

20 difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Washington Class is readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the Washington Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

57. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Washington Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Washington Class. Plaintiff envisions no difficulty in the management of this action as a class action. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt out of it pursuant to Fed. R. Civ. P. 23(c)(2), for the purpose of adjudicating their claims for overtime compensation, double damages, interest, and attorneys' fees and costs under the Washington Minimum Wage Act.

## VII.  COUNT I

### Violation of the FLSA
### (On Behalf of Plaintiff and the Collective Action Members)

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he or she is employed.  *See* 29 U.S.C. § 207(a)(1).

60.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…." 29 U.S.C. § 203(d).

61.     HCI is subject to the wage requirements of the FLSA because HCI is an employer under 29 U.S.C. § 203(d).

62.     At all relevant times, HCI was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

63.     During all relevant times, Plaintiff and the FLSA Collective Action Members were covered employees entitled to the above-described FLSA's protections.  *See* 29 U.S.C. § 203(e).

64.     Plaintiff and the FLSA Collective Action Members are not exempt from the requirements of the FLSA.

65.     Plaintiff and the FLSA Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

66.     HCI, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective Action Members for all their overtime hours worked by misclassifying Plaintiff and the FLSA Class as independent contractors, thereby exempting them from the requirements of the FLSA.

67.     HCI  knowingly failed to compensate Plaintiff and the FLSA Collective Action Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

68.     In violating the FLSA, HCI acted willfully and with reckless disregard of clearly applicable FLSA provisions.

69.     In violating the FLSA, on information and belief, HCI did not have any good faith basis to rely on any legal opinion or advice to the contrary.

70.     HCI also failed to provide Plaintiff and Collective Action Members with specified meal and rest breaks during their scheduled shifts.  Plaintiff often

worked straight through a day without breaks, or with only a short break for lunch during a 12-hour shift.

## VIII.  COUNT II

**Minimum Wage Act—RCW 49.46.090 and RCW 49.46.130**
**(On Behalf of Plaintiff and the Washington Class)**

71.    All previous paragraphs are incorporated as though fully set forth herein.

72.    Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"). If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

73.    The WMWA requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed.  *See* RCW 49.46.130.

74.    The WMWA defines "employer" broadly to include "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." RCW 49.46.010(4).

75.    HCI is subject to the wage requirements of the WMWA because HCI is an "employer" under RCW 49.46.010(4).

76.     During all relevant times, Plaintiff and the Washington Class were covered employees entitled to the above-described WMWA's protections. *See* RCW 49.46.010(3).

77.     Plaintiff and the Washington Class are not exempt from the requirements of the WMWA.

78.     HCI violated RCW 49.46.130 by failing to pay Plaintiff and the Washington Class members the legally required overtime wages for all hours worked in excess of forty (40) hours per week.

79.     HCI violated RCW 49.46.130 by failing to provide Plaintiff and the Washington Class the rest and meal breaks to which they were entitled under RCW 49.12.005 and WAC 296-126-002.

80.     As a result of HCI's violations of RCW 49.46.130, Plaintiff and the Washington Class are entitled to recover from Defendant their unpaid overtime wages together with prejudgment interest, attorneys' fees, and the costs of suit.

81.     HCI violated RCW 49.46.090 by failing to provide Plaintiff and the Washington Class the rest and meal breaks to which they were entitled under RCW 49.12.020 and WAC 296-126-092.

82.     As a result of HCI's violations of RCW 49.46.090, Plaintiff and the Washington Class are entitled to recover from Defendant their unpaid overtime wages together with prejudgment interest, attorneys' fees, and the costs of suit.

# IX. COUNT III

## Failure to Pay for Rest Breaks: WAC 296-126-092 and RCW 49.12.020
## (On Behalf of Plaintiff and the Washington Class)

83.     All previous paragraphs are incorporated as though fully set forth herein.

84.     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

85.     RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

86.     Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

87.     WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

88.     Under Washington law, HCI has an obligation to provide employees with the rest breaks to which they are entitled.

89.     Under Washington law, HCI has an obligation to ensure that employees take the rest breaks to which they are entitled.

90.     Under Washington law, HCI has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

91.     By the actions alleged above, HCI has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

92.     As a result of these unlawful acts, Plaintiff and the Washington Class have been deprived of straight time and overtime compensation in amounts to be determined at trial, and Plaintiff and the Washington Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## X.  COUNT IV

**Failure to Provide Meal Periods: Violation of RCW 49.12.020 and WAC 296-126-092**
**(On behalf of Plaintiff and the Washington Class)**

93.     All previous paragraphs are incorporated as though fully set forth herein.

94.     RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that

inadequate wages and unsanitary conditions of labor exert such pernicious effect."

95.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

96.    Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

97.    WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

98.    Under Washington law, HCI has an obligation to provide employees with the meal breaks to which they are entitled.

99.    Under Washington law, HCI has an obligation to ensure that employees take the meal breaks to which they are entitled.

100.    Under Washington law, HCI has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

101.    By the actions alleged above, HCI has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

102. As a result of these unlawful acts, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Washington Class are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XI.  COUNT V

### Unpaid Wages on Termination
### (On behalf Plaintiff and the Washington Class)

103. All previous paragraphs are incorporated as though fully set forth herein.

104. RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

105. By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

106. As a result of these unlawful acts, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Washington Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.48.030.

# XII.  COUNT VI

## Willful Refusal to Pay Wages
## (On Behalf of Plaintiff and the Washington Class)

107.   All previous paragraphs are incorporated as though fully set forth herein.

108.   RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

109.   Defendant's alleged unlawful actions against Plaintiff and the Class discussed above, including violations of RCW 49.46.130, RCW 49.46.090, RCW 49.46.012, RCW 49.46.080, and WAC 296-126-092, were committed willfully and with intent to deprive Plaintiff and the Washington Class of part of their wages.

110.   As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

111.   RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, as well as attorneys' fees and costs.

112.    As a result of the willful, unlawful acts of HCI, Plaintiff and the Washington Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070, they are entitled to recovery of twice the amount of such damages as well as attorneys' fees and costs.

## XIII.  PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of herself and the Classes:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential collective action members;

C.    An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Washington Class;

D.    Back pay damages (including unpaid overtime compensation and unpaid wages for missed rest and meal breaks) and prejudgment interest to the fullest extent permitted under the law;

E.    Liquidated and exemplary damages to the fullest extent permitted under the law;

F.    Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

1    G.    Such other and further relief as this Court deems just and proper.

2         RESPECTFULLY SUBMITTED AND DATED this 29th day of March,

3    2017.

4                              TERRELL MARSHALL LAW GROUP PLLC

5                              By:    /s/ Beth E. Terrell, WSBA #26759
                                      Beth E. Terrell, WSBA #26759
6
                               By:    /s/ Jennifer Rust Murray, WSBA #36983
7                                     Jennifer Rust Murray, WSBA #36983
                                      Attorneys for Plaintiff and Proposed Classes
8                                     936 North 34th Street, Suite 300
                                      Seattle, Washington  98103
9                                     Telephone:  (206) 816-6603
                                      Facsimile:  (206) 319-5450
10                                    Email:  bterrell@terrellmarshall.com
                                      Email:  jmurray@terrellmarshall.com
11
                                      Sarah R. Schalman-Bergen
12                                    Eric Lechtzin
                                      Camille Fundora
13                                    Attorneys for Plaintiff and Proposed Classes
                                      BERGER & MONTAGUE, P.C.
14                                    1622 Locust Street
                                      Philadelphia, Pennsylvania 19103
15                                    Telephone: (215) 875-3000
                                      Facsimile: (215) 875-4604
16                                    Email:  sschalman-bergen@bm.net
                                      Email:  elechtzin@bm.net
17                                    Email:  cfundora@bm.net

18

19

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Harold Lichten
Olena Savytska
Attorneys for Plaintiff and Proposed Classes
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Email:  hlichten@llrlaw.com
Email:  osavytska@llrlaw.com

— **EXHIBIT  A** —

DocuSign Envelope ID: 2598DF3F-5C75-47EB-BEB5-16AB79E608BD

# OPT-IN CONSENT FORM
Unpaid Wages and Overtime Litigation
The HCI Group

**Complete And Mail (or Email) To:**
THE HCI GROUP WAGE AND HOUR LITIGATION
ATTN: ERIC LECHTZIN
BERGER & MONTAGUE, P.C.
1622 LOCUST STREET
PHILADELPHIA, PA 19103
Email: elechtzin@bm.net
Phone: (215) 875-3038
Fax: (215) 875-4604

| Name:<br><br>   Jaimey<br>   Garrett | Date of Birth:<br><br>██████ |
|---|---|
| Address:<br><br>████████<br>████████ | Phone No.: ██████<br><br>██████████ |

## CONSENT TO JOIN COLLECTIVE ACTION

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2.  I have worked for The HCI Group ("HCI") from on or about (**dates(s)**) ___May 2014___ to on or about (**dates(s)**) ___Nov 2015___ and was paid on an hourly basis.

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4.  I specifically authorize the Named Plaintiffs and their attorneys, Berger & Montague, P.C., as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this case.

| 2/8/2017 | *Jaimey Garrett* |
|---|---|
| _____ (Date Signed) | _____ (Signature) |

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**